**Lafe W. WILSON and Cherie Wilson, husband and wife, Appellants,**

v.

**MASON STATE BANK, a Nebraska banking corporation, Appellee.**

**Lafe W. WILSON and Cherie Wilson, husband and wife, Appellees,**

v.

**MASON STATE BANK, a Nebraska banking corporation, Appellant.**

Nos. 83–2699, 83–2720.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1984.

Decided July 9, 1984.

Rehearing Denied Aug. 9, 1984.

Gary L. Dolan and Trev E. Peterson, Lincoln, Neb., for appellee/cross-appellant.

Richard A. Koehler, Geneva, Neb., for appellant.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

LAY, Chief Judge.

The Mason State Bank, a Nebraska banking corporation, loaned Lafe and Cherie Wilson, Nebraska farmers, money pursuant to the Emergency Agricultural Credit Adjustment Act of 1978. Pub.L. No. 95–334, 92 Stat. 429–33, as amended (appearing at 7 U.S.C. following § 1947 (1982)). Upon the Wilsons' subsequent default, the Bank brought a replevin action against them in Nebraska state court. The Bank was granted a default judgment, which entitled them to possession of the mortgaged property. *Mason State Bank v. Wilson*, No. 4933 (District Court of Sherman County, Nebraska March 18, 1983). The Wilsons then filed the present action against the Bank in federal district court. The Wilsons allege that the Bank's violation of federal regulations governing the loan transaction caused them harm for which they seek $10,000 in damages. The district court, the Honorable Warren K. Urbom presiding, granted the Bank's motion to dismiss, finding that the res judicata effect of the previous state court replevin action barred the Wilsons' cause of action here. In light of this ruling, the district court denied as moot the Bank's alternative motion for summary judgment or dismissal on the ground that the federal court had no subject matter jurisdiction.

On appeal the Wilsons assert that the district court's dismissal on res judicata grounds was error because the court misconstrued what properly can be raised or resolved in a Nebraska replevin action. The Bank cross-appeals from the district court's denial of its motion to dismiss on the basis of lack of subject matter jurisdiction. The Bank contends that the Emergency Agricultural Credit Adjustment Act does not create or imply a private cause of action for a lender's alleged violation of the regulations promulgated under the Act.

The Wilsons' claim for damages is based exclusively on the Bank's alleged violation of federal regulations governing the loan transaction. The Wilsons allege that the violations confer federal jurisdiction under 28 U.S.C. § 1331. To sustain federal jurisdiction, the Wilsons must establish that the Emergency Agricultural Credit Adjustment Act creates or implies a private cause of action for alleged violations. The Act does not provide expressly for private enforcement of it and, applying the analysis set forth in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), we find that nothing in the Act or the regulations relied on by the Wilsons supports the implication of a private cause of action.

The legislative history of the Act does not reveal any Congressional consideration of a private right of action or an intent to imply one. *See generally* 1978 *U.S.Code Cong. & Ad.News* 1106–1195. In addition, we do not find that the Wilsons are of the

class for whose *especial* benefit the statute was enacted. *See Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). To be sure, the underlying purpose of the federal legislation may have been to make credit available to farmers; however, the method chosen by Congress to achieve that end was to allow the Secretary of Agriculture to guarantee such loans, thereby substantially relieving the local lender of the risk. The Act and regulations relied on by the Wilsons to support federal jurisdiction do impose requirements on the lender's conduct towards the borrower; however, the purpose of controlling the loan process is not to protect the borrower, but rather to more adequately assure the protection of the Secretary as guarantor. Moreover, the Secretary has the ability and motivation to enforce compliance with the Act and the regulations promulgated thereunder. Thus, denying the Wilsons a cause of action based on the Bank's alleged violations of the Act and regulations does not render the regulations superfluous or compliance with them discretionary, as contended by the Wilsons.

The case before us is essentially one in which a local farmer is attempting to void a note due a local bank; as such, it is an action traditionally within the domain of state law. *See, e.g.*, Neb.Rev.Stat. §§ 25–2137—25–2155 (reissued 1979) (foreclosure of mortgages); *id.* at §§ 25–1093—25–10,-110 (replevin). We find that the Bank's alleged violation of a federal regulation governing the agreement between the Bank and the Farmers Home Administration is insufficient to infer a federal cause of action for the Wilsons. *Cf. United States v. Martin*, 344 F.Supp. 350, 356 (E.D.Mich.1972) (debtors could not raise lender's violations of the Small Business Act as a defense in action brought by SBA against the debtors to collect on a defaulted loan that the SBA had paid).

Finally, the Wilsons rely on *Allison v. Block*, 723 F.2d 631 (8th Cir.1983) to support their contention that an implied cause of action exists. This reliance is misplaced. *Allison* involved an action by a farmer against the Secretary of Agriculture to enforce the provisions of 7 U.S.C. § 1981a (1982). We found that in section 1981a, it was Congress's intention to place an affirmative duty on the Secretary of Agriculture to establish procedures to defer foreclosures on farm loans. We found that the purpose of the amendment was to benefit the farmers subject to foreclosure. We held that the Secretary's failure to establish such procedures was an abuse of discretion and granted the farmer injunctive relief. *Allison*, as such, provides no support for the Wilsons' attempt to imply a private cause of action to recover money damages for the Bank's alleged violations of regulations promulgated to protect FmHA.

For the reasons discussed above, we vacate the order below and remand the case to the district court with directions to dismiss the same for lack of subject matter jurisdiction. Each party shall pay their own costs.